IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS ROWE,<br><br>                    Plaintiff,<br><br>v.<br><br>DPI SPECIALTY FOODS, INC., JAMI FLOYD,<br><br>                    Defendants. | **ORDER GRANTING IN PART AND RESERVING IN PART DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Case No. 2:13-cv-00708-DN<br><br>District Judge David Nuffer |

At the end of Plaintiff Thomas Rowe's case, Defendants DPI Specialty Foods, Inc. ("DPI"), and Jami Floyd (collectively, "Defendants") made a motion for judgment as a matter of law[1] on all claims. The parties argued the motion outside the presence of the jury. The pleadings, evidence presented at trial, and the parties' oral arguments have been carefully reviewed. For the reasons stated below, Defendants' motion is GRANTED in part and RESERVED in part.

## ANALYSIS

Federal Rule of Civil Procedure 50(a) allows for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." After Mr. Rowe rested, Defendants moved under Rule 50(a), arguing, among other things, that Mr. Rowe failed to prove that each of the alleged defamatory statements were made; that some of the statements are not defamatory; that Mr. Rowe failed to prove that any of the alleged statements proximately caused his alleged damages under the defamation or interference claims; that Mr.

---

[1] FED. R. CIV. P. 50(a).

Rowe failed to prove malice necessary to overcome the privilege applicable to each claim; and that Mr. Rowe failed to offer sufficient evidence to support an award of punitive damages.

### Statement that Defendants were doing what Smith's wanted

Mr. Rowe's fourth alleged defamatory statement is not defamatory: "Defendants told others in the industry that they were just doing what their customer, Smith's wanted."[2] The statement plead does not identify or even refer to Mr. Rowe,[3] nor does it contain any words that impeach anyone's honesty, integrity, virtue, or reputation and thereby exposes no one to public hatred, contempt, or ridicule,[4] nor does it "harm the reputation of [any] person so as to lower that person in the estimation of the community or to deter others from associating or dealing with [any] person."[5] Based on both its lack of identification and lack of negative language, this alleged statement cannot be considered by the jury as defamatory.

Mr. Rowe argued that "what . . . Smith's wanted" was for Mr. Rowe to no longer call on Smith's. However, the statement plead contains no "words or words to that effect"[6] that could reasonably convey that message. Nonetheless, to the extent the statement could be read to carry that meaning, granting Defendants' motion on this statement does not harm Mr. Rowe because

---

[2] Complaint ¶ 47, at 8, docket no. 2-1, filed July 29, 2013.

[3] *Pratt v. Nelson*, 164 P.3d 366, 381 (Utah 2007) (citing *West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994)) ("In order to establish a claim for defamation, a party 'must show that [the] defendants published the statements concerning [the party] . . . .'"); *Id.* at 382 (citing *Lynch v. Standard Publ'g Co.*, 51 Utah 322, 170 P. 770, 773 (1918)) ("Before defamatory statements may be regarded as actionable, a party must show that the statements 'refer to some ascertained or ascertainable person.' A party may show this 'by directly being named, or so intended from the extrinsic facts and circumstances.'").

[4] *Jacob v. Bezzant*, 212 P.3d 535, 545 (Utah 2009) (citing *West v. Thomson Newspapers*, 872 P.2d 999, 1008 (Utah 1994)).

[5] Model Utah Jury Instructions 1st Ed. 10.5 Definition: Defamatory Meaning.

[6] *Dennett v. Smith*, 445 P.2d 983, 984 (Utah 1968). *See also Williams*, 656 P.2d at 971.

he has plead that very meaning in another statement that will go to the jury for a verdict:

"Defendants told Mr. Kinsella that Smith's no longer wanted Mr. Rowe to call on them."[7]

Therefore, Defendants are entitled to judgment as a matter of law[8] on Mr. Rowe's fourth

alleged defamatory statement. When a transcript is available it will be possible to determine

whether any evidence supports the other three alleged defamatory statements[9] and their potential

for use as improper means in the tortious interference claim.

**Punitive Damages**

In addition, Mr. Rowe has not sufficiently proven his claim for punitive damages.

> [P]unitive damages may be awarded only if compensatory or general damages are
> awarded and it is established by clear and convincing evidence that the acts or
> omissions of the tortfeasor are the result of willful and malicious . . . conduct, or
> conduct that manifests a knowing and reckless indifference toward, and a
> disregard of, the rights of others.[10]

Utah courts have not yet solidified a consistent definition for "willful and malicious"

conduct.[11] However, Mr. Rowe argued that it would have been reckless for the Defendants to

make the alleged statements without first confirming their truth with Smith's. However, that

failure to confirm would be negligence, and "evidence of simple negligence alone does not

support an award of punitive damages."[12] Furthermore, while reckless disregard for the truth of

---

[7] Complaint ¶ 44, at 8.

[8] FED R. CIV. P. 50(a).

[9] Complaint ¶¶ 44–47, at 8.

[10] Utah Code Ann. § 78B-8-201; *see also Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 807 (Utah 1991) (citing *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983)) ("punitives are allowed only where there is wilful and malicious conduct . . . or . . . conduct which manifests a knowing and reckless indifference toward, and disregard of, the rights of others." (internal quotations omitted)).

[11] *See, e.g., Gleave v. Denver & Rio Grande W. R. Co.*, 749 P.2d 660 (Utah Ct. App. 1988) (discussing whether actual malice is required for punitive damages or whether implied malice is sufficient) *Johnson v. Rogers*, 763 P.2d 771 (Utah 1988) (same); *Biswell v. Duncan*, 742 P.2d 80, 84 (Utah Ct. App. 1987) (same); *Clayton v. Crossroads Equip. Co.*, 655 P.2d 1125 (Utah 1982) (referring to non-Utah case law); and *State v. Larsen*, 865 P.2d 1355, n.3 (Utah 1993) (discussing the definition of "willful").

[12] *Gleave*, 749 P.2d at 670.

the statement is evidence of malice that could overcome the common interest privilege at play in this case,[13] for punitive damages Mr. Rowe must prove a "reckless indifference toward, and a disregard of, the rights of others."[14]

But most importantly, the proof offered by Mr. Rowe could not be taken by the jury as clear and convincing. Mr. Rowe offered only shreds of evidence to support his primary claims of defamation and interference, and much of the evidence fell outside the scope of the allegations in his complaint, leaving his allegations weakly supported, if at all. For example, in the testimony closest to supporting an alleged defamatory claim, Mr. Rowe's witness Angie Hayes testified that defendant Jami Floyd stated to Ms. Hayes that Mr. Rowe misappropriated money; however, she then pushed this alleged statement outside the pleadings. Unlike the allegation in the complaint,[15] Ms. Hayes clearly stated that alleged misappropriation had nothing to do with the charity golf tournament, and she did not testify that this statement was made to Robert Kinsella.

Through only the presentation of Mr. Rowe's case, witnesses have offered conflicting and incomplete testimony of the alleged defamatory statements and their truth and motivation. Whether there is *any* evidence of willful and malicious or reckless indifference and disregard required to support punitive damages can only be shown by careful examination of transcripts, which are not available now. But the evidence is surely legally insufficient to be clear and convincing.

---

[13] *Ferguson v. Williams & Hunt, Inc.*, 221 P.3d 205, 212 (Utah 2009) (citing *O'Connor v. Burningham*, 165 P.3d 1214, 1224 (Utah 2007)) ("a plaintiff can show abuse of a conditional privilege where a statement is made with knowledge of its falsity or with reckless disregard as to its falsity").

[14] Utah Code Ann. § 78B-8-201.

[15] Complaint ¶ 45, at 8.

Therefore, Defendants are entitled to judgment as a matter of law[16] on Mr. Rowe's claim for punitive damages.

## ORDER

For the reasons set forth above, Defendants' Rule 50 motion for judgment as a matter of law is GRANTED in part as it relates to the fourth alleged defamatory statement and the punitive damages claim, and RESERVED in part as it relates to the remaining claims.

Signed August 29, 2015.

BY THE COURT

David Nuffer
United States District Judge

---

[16] FED R. CIV. P. 50(a).