IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS ROWE,<br><br>             Plaintiff,<br><br>v.<br><br>DPI SPECIALTY FOODS, INC., and JAMI FLOYD,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [237] DEFENDANTS' MOTION FOR REVIEW OF CLERK'S ORDER REGARDING TAXATION OF COSTS AND GRANTING [238] MOTION TO REVIEW CLERK'S TAXATION OF COSTS**<br><br>Case No. 2:13-cv-708-DN<br>District Judge David Nuffer |

## BACKGROUND

On October 13, 2015, after judgment was "entered in favor of the plaintiff and against the defendants,"[1] Plaintiff Thomas Rowe ("Mr. Rowe") filed a Memorandum of Costs[2] and a Bill of Costs[3] seeking recovery of $16,890.30. Defendants DPI Specialty Foods, Inc. and Jami Floyd (collectively, "Defendants") objected to the request.[4] Mr. Rowe filed a Reply in Support of his Memorandum of Costs on November 5, 2015.[5]

On December 7, 2015, the Clerk filed a Taxation of Costs awarding Mr. Rowe $13,200.50 ("Clerk's Taxation of Costs").[6] The Clerk disallowed certain costs to Mr. Rowe,

---

[1] Judgment in a Civil Case, docket no. 214, filed Sep. 28, 2015.

[2] Memorandum of Costs, docket no. 215, filed Oct. 13, 2015.

[3] Bill of Costs, docket no. 216, filed Oct. 13, 2015.

[4] *See* Defendants' Opposition to Plaintiff's Bill of Costs and Memorandum of Costs, docket no. 219, filed Oct. 27, 2015.

[5] Reply in Support of Memorandum of Costs, docket no. 220, filed Nov. 5, 2015.

[6] Taxation of Costs, docket no. 234, filed Dec. 7, 2015.

including "[p]ostage and pdf charges, attendance fees, and charges for Web Ex and videos supplementing stenographic transcripts . . . ."[7]

On December 11, 2015, Defendants filed a Motion for Review of Clerk's Order Regarding Taxation of Costs ("Defendants' Motion to Review"),[8] arguing that "[t]he Court should not award Mr. Rowe 100% of the $13,200.50 in costs" because "Mr. Rowe [was] 43% at fault for his alleged injuries."[9] Plaintiff Thomas Rowe ("Mr. Rowe") filed an Opposition to Defendants' Motion to Review.[10]

On December 14, 2015, Mr. Rowe filed a Motion to Review Clerk's Taxation of Costs ("Mr. Rowe's Motion to Review").[11] Mr. Rowe's Motion to Review requested reconsideration of the Clerk's denial of costs, including witness and deposition recording fees, and requested costs in the amount of $16,447.37.[12] Defendants did not oppose Mr. Rowe's Motion to Review.

For the reasons set forth below, Defendants' Motion to Review is DENIED and Mr. Rowe's Motion to Review is GRANTED.

## DISCUSSION

Rule 54(d) contains the process for disputing costs.[13] It provides that "[t]he clerk may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action.[14] District courts have discretion to consider a motion to review.[15]

---

[7] *Id.* at 2.

[8] Defendants' Motion for Review of Clerk's Order Regarding Taxation of Costs ("Defendants' Motion to Review"), docket no. 237, filed Dec. 11, 2015.

[9] *Id.* at 1.

[10] Opposition to Defendants' Motion for Review of Clerk's Order Regarding Taxation of Costs ("Opposition to Defendants' Motion to Review"), docket no. 243, filed Dec. 18, 2015.

[11] Motion to Review Clerk's Taxation of Costs ("Mr. Rowe's Motion to Review"), docket no. 238, filed Dec. 14, 2015.

[12] *Id.* at 2-3.

[13] Fed. R. Civ. P. 54(d).

Each of the motions to review was timely filed and will be considered. Defendants' Motion to Review will be discussed first.

## Defendants' Motion to Review

Defendants request review of the Clerk's Taxation of Costs on several grounds. Defendants assert that Rule 54(d) grants courts "broad discretion" to reduce costs.[16] Defendants recognize that "Rule 54(d) creates a presumption that 'a prevailing party will normally recover costs.'"[17] However, Defendants argue that because Rule 54(d) "does not define 'prevailing party'" and "also does not mandate that costs be awarded," the court should not award costs to Mr. Rowe because he was "only partially successful."[18] Defendants are incorrect.

**Mr. Rowe is the prevailing party under Rule 54(d) and is entitled to statutory costs.**

In *Barber v. T.D. Williamson, Inc.*,[19] the Tenth Circuit Court of Appeals considered the issue of "prevailing party" under Rule 54(d). In *Barber*, Mr. Barber, an employee of T.D. Williamson, sued T.D. Williamson for discrimination.[20] "The jury found for Mr. Barber on [one claim], but concluded that he failed to prove [two additional claims]."[21] Mr. Barber was awarded attorney's fees, but *costs* were awarded to both parties.[22] Mr. Barber appealed, arguing that

---

[14] Fed. R. Civ. P. 54(d)(1).

[15] *See Debord v. Mercy Health Sys. of Kansas, Inc.,* 737 F.3d 642, 659-660 (10th Cir. 2013).

[16] Defendants' Motion to Review at 3.

[17] *Id.*

[18] *Id.*

[19] *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001).

[20] *Id.* at 1225.

[21] *Id.*

[22] *Id.*

Williamson should not have been awarded costs because he (Mr. Barber) was the prevailing party.[23]

The Tenth Circuit agreed with Mr. Barber and remanded the case to district court. The Tenth Circuit held that the district court abused its discretion by finding "both Mr. Barber and Williamson to be prevailing parties under Rule 54(d)(1)."[24] Instead, the Tenth Circuit held, "Mr. Barber, and not Williamson, was the prevailing party for purposes of costs."[25]

Citing other courts[26] and federal practice guides,[27] the Tenth Circuit noted that "[i]n general, the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs."[28] The Tenth Circuit also noted that "usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)."[29] Using these two factors, the Tenth Circuit concluded that Mr. Barber was the prevailing party because he was awarded nominal damages and because the district court entered judgment in his favor.[30] The Tenth Circuit held that "[t]o the extent that the magistrate judge[31] found both Mr. Barber and Williamson to be prevailing parties under Rule 54(d)(1), he clearly erred. . . . Mr. Barber, and not Williamson, was the prevailing party for purposes of costs."[32]

---

[23] *Id.* at 1233.

[24] *Id.* at 1234.

[25] *Id.*

[26] *Id.* at 1223-1234.

[27] *Id.*

[28] *Id.* at 1234.

[29] *Id.* (alterations incorporated).

[30] *Id.*

[31] The case was referred to a magistrate judge for final disposition by consent of the parties. *Id.* at 1225.

[32] *Id.* at 1234.

"[W]hile costs presumptively are awarded to the prevailing party, a trial court still has the discretion to act under Rule 54(d)(1)."[33] "For example, in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success."[34] "Or, in cases in which neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides."[35] But because Mr. Barber "was the prevailing party, having been awarded nominal damages" and "because the district court entered judgment in his favor[,]" *only Mr. Barber* could be considered a "prevailing party for purposes of costs."[36]

Following *Barber*, Mr. Rowe is the prevailing party in this matter. Mr. Rowe prevailed on both of his claims against the Defendants in a jury verdict.[37] Further, judgment was entered "in [Mr. Rowe's] favor . . . and against the defendants . . . ."[38] Accordingly, Mr. Rowe is the prevailing party for purposes of costs recovery under Rule 54(d). The next question is whether the court should exercise its discretion "to apportion costs among the parties or reduce the size of Mr. Rowe's award to reflect the partial success."[39]

---

[33] *Id.*

[34] *Id.*

[35] *Id.* at 1234-35.

[36] *Id.* at 1234.

[37] *See* Verdict, docket no. 208, filed September 1, 2015.

[38] Judgment in a Civil Case, docket no. 214, filed Sep. 28, 2015 (entering judgment "in favor of the plaintiff and against the defendants").

[39] *Barber*, 254 F.3d at 1234.

**Awarding full costs to Mr. Rowe is appropriate because he cannot be considered "partially successful" or "partially prevailing"**

Defendants next argue that while Rule 54(d) carries a presumption to award costs to the prevailing party,[40] departure in this case is permissible. In particular, Defendants contend that because the jury determined that Mr. Rowe was 43 percent at fault, awarding Mr. Rowe full costs is dismissive of his actions.[41] In addition, Defendants assert that the jury determination of fault provides a clear line on which to apportion costs, thereby limiting Defendants' costs to no more than 57 percent, or $7,524.29.[42]

The plain language of Rule 54(d)(1) states that "[u]nless a federal statute, [the Federal Rules of Civil Procedure,] or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule does *not* state "*partial* costs . . . should be allowed to the prevailing party." Rather, it states that "costs" should be allowed. Moreover, while a court retains discretion to award costs, this discretion is "not unlimited."[43] "[T]o deny a prevailing party its costs is . . . a severe penalty, such that there must be some apparent reason to penalize the prevailing party if costs are to be denied."[44] A court "must provide a valid reason for not awarding costs to a prevailing party."[45] "[A] party need not prevail on every issue to be considered a Rule 54(d) prevailing party."[46]

---

[40] *Id.* (citing *Cantrell v. International Broth. of Elec. Workers, AFL-CI, Local 2021*, 69 F.3d 456, 457 (10th Cir. 1995) (en banc)).

[41] Defendants' Motion to Review at 3-4.

[42] *Id.* at 1-2.

[43] *Debord,* 737 F.3d at 659 (quoting *Cantrell,* 69 F.3d at 458).

[44] *Debord,* 737 F.3d at 659 (internal quotation marks and citations omitted).

[45] *Cantrell,* 69 F.3d at 457.

[46] *Id.* at 458.

Valid reasons to deny or divide costs include: if a party was partially successful (i.e., did not "prevail"[47]), if the prevailing party acted obstructively or with bad faith during the course of litigation, where damages are only nominal, where the non-prevailing party is indigent, if the costs are unreasonably high or unnecessary, if the prevailing party's costs are insignificant, or if the issues are close and difficult.[48]

Defendants have not established that any of these reasons apply. Mr. Rowe succeeded on both claims at trial.[49] Defendants have not cited a case that is sufficiently analogous to this one, where the plaintiff prevailed on both claims and yet, as the prevailing party, had his award of costs reduced because the jury found the plaintiff partially at fault. Consequently, Mr. Rowe cannot be considered to be only "partially successful" as suggested by Defendants.

Finally, Mr. Rowe cannot be considered "partially prevailing" or "partially successful" because the jury determined that he was 43 percent at fault. At least one court in the Tenth Circuit has declined to depart "from the general rule that the prevailing party should be allowed costs," even where the prevailing party was 45 percent at fault.[50]

Mr. Rowe is the prevailing party and is entitled to costs. Defendants' request to depart from the presumption granting costs to the prevailing party is rejected.

### Mr. Rowe's Motion to Review

Because Mr. Rowe is the prevailing party in this matter, he is entitled to recover costs.[51] The proper amount of those costs is addressed in Mr. Rowe's Motion to Review. Mr. Rowe

---

[47] *Id.* at 459 (citing *Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778 (1990) (holding that a court has discretion to refuse costs to party who did not "prevail")).

[48] *Cantrell*, 69 F.3d at 459.

[49] *See* Verdict, docket no. 208, filed Sep. 1, 2015.

[50] *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198, 199-200 (D. Kan. Dec. 9, 1993).

[51] Fed. R. Civ. P. 54(d).

argues that he is entitled to an additional $350.32 for witness fees and an additional $2,896.55 for deposition recording fees.[52] Defendants did not oppose Mr. Rowe's Motion to Review.

Where fees are disputed, "[t]he burden is on the non-prevailing party to overcome [a] presumption [of costs.]"[53] Here, Defendants are the non-prevailing parties and therefore have the burden to overcome the presumption that Mr. Rowe is entitled to costs. Defendants fail to carry this burden because they did not oppose Mr. Rowe's Motion to Review. Even if they had filed an opposition, it is unlikely they would be able to overcome the presumption.

First, Mr. Rowe asserts that he should have been awarded $350.32 for witness fees.[54] A prevailing party is entitled to collect witness fees[55] if they are "relevant and material to an issue in the case and reasonably necessary to its disposition."[56] Defendants do not attempt to explain how the witness fees identified by Mr. Rowe fail to satisfy this test. Mr. Rowe is therefore awarded costs for witness fees in the amount of $350.32.

Second, Mr. Rowe argues that he should have been awarded $2,896.55 for video and web recording of depositions to supplement the stenographic transcription of depositions.[57] A prevailing party is entitled to collect "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"[58] "The majority of districts" have interpreted this to mean that "depositions can be recorded by *both* stenographic and non-stenographic means rather

---

[52] Mr. Rowe's Motion to Review at 2-3.

[53] *Higgins v. Potter*, 2011 WL 3667097, *1 (D. Kan. Aug. 22, 2011).

[54] Memorandum of Costs at 4.

[55] 28 U.S.C. § 1920(3) (allowing "[f]ees and disbursements for . . . witnesses").

[56] *Morrisey v. County Tower Corp.*, 568 F.Supp. 980, 982 (E.D. Mo. 1983) (internal quotations omitted).

[57] *Id.*

[58] 28 U.S.C. § 1920(2) (allowing "[f]ees for . . . electronically recorded transcripts necessarily obtained for use in the case.").

than a limitation on the scope of taxable costs."[59] As such, recovery of costs for both video and web recording of depositions is permitted in most cases if an independent, legitimate use exists.[60] Defendants do not attempt to explain whether the deposition transcript costs identified by Mr. Rowe[61] were obtained for an "independent, legitimate use." Thus, Defendants appear to have conceded that they were obtained for a proper use and have failed to overcome the presumption that Mr. Rowe is entitled to $2,896.55 for deposition recording fees.

## CONCLUSION

Mr. Rowe is the prevailing party and is entitled to costs. Specifically, in addition to the $13,200.50 previously awarded, Mr. Rowe is entitled to recover an additional $350.32 for witness fees and $2,896.55 for deposition recording fees. Thus, an additional $3,246.87 is awarded to Mr. Rowe and the total amount awarded for costs in this matter is $16,447.37.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Review[62] is DENIED and Mr. Rowe's Motion to Review[63] is GRANTED.

Dated April 20, 2016.

                                      BY THE COURT:

                                      David Nuffer
                                      United States District Judge

---

[59] See *Higgins*, 2011 WL 3667097, at *2 (emphasis added).

[60] *Tilton v. Capital Cites ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997).

[61] Memorandum of Costs at 3, ¶ 3, docket no. 215, filed Oct. 13, 2015 (identifying Mark Miale and Tim Smith).

[62] Defendants' Motion for Review of Clerk's Order Regarding Taxation of Costs ("Defendants' Motion to Review"), docket no. 237, filed Dec. 11, 2015.

[63] Motion to Review Clerk's Taxation of Costs ("Mr. Rowe's Motion to Review"), docket no. 238, filed Dec. 14, 2015.